# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

### CASE NO.

PAMELA D. CASSANDRA,

    Plaintiff,

v.

COX MEDIA GROUP, LLC,
COX RADIO, INC., and COX RADIO, LLC,

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, PAMELA D. CASSANDRA, ("Cassandra" or "Plaintiff") by and through her undersigned counsel hereby files this complaint against COX MEDIA GROUP, LLC ("CMG"), COX RADIO, INC., and COX RADIO, LLC and as grounds therefore states as follows:

## JURISDICTION AND VENUE

1. Plaintiff CASSANDRA brings this claim for violation of the Family and Medical Leave Act of 1993 ["FMLA"], 29 U.S.C. § 2601, *et seq*.

2. Jurisdiction is proper in this forum insofar as the matter involves a federal question, namely a violation of 29 U.S.C. § 2601, et seq. Jurisdiction is conferred by Title 28, U.S.C. § 1331 and 29 U.S.C. § 2601, et seq.

3. Venue is proper in this Court because Plaintiff's claims arose in Florida, specifically in Orange County, and all the acts complained of occurred in this judicial district and gave rise to the claims alleged.

4. At all times relevant to this Complaint, Plaintiff was a resident of Orange County, Florida and is otherwise sui juris.

5. Jurisdiction is based on 29 U.S.C. § 1331 (federal question jurisdiction).

6. Defendants are joint employers of Plaintiff.

7. Venue is proper because Defendants and each of them have a principal address located in Georgia; however, the substantial part, if not all, of the events giving rise to this cause of action occurred in Orange County, Florida. 28 U.S.C. § 89.

8. At all times material hereto, Plaintiff was an employee as that term is defined under the FMLA.

9. At all times material hereto, Defendants, were an employer of the Plaintiff as that term is defined under the FMLA.

## JOINT EMPLOYERS

10. Defendants COX RADIO, INC. and COX RADIO, LLC are divisions of Defendant CMG.

11. Plaintiff contends that Defendants have common ownership, common control, and common operations such that they are joint employers.

12. In particular, Plaintiff's 2024 W-2 reflects Cox Radio, LLC as her employer; in 2023 her W-2 reflects Cox Radio, Inc.

13. Plaintiff's paystubs for the year 2024 consistently list "Cox Radio" as her employer, but they are issued by Cox Media Group.

14. Upon information and belief Cox Media Group is the parent company of the other entities.

## COMMON ALLEGATIONS

15. Defendant CMG is a media company that provides services such as entertainment, broadcasting, and news.

16. Defendants COX RADIO, INC. and COX RADIO, LLC are divisions within Defendant CMG.

17. Plaintiff began working with Defendants in Orlando, Florida in January of 2013.

18. Throughout her tenure, Plaintiff spent time both on-air and working as an assistant program director.

19. In addition to her responsibilities in these positions, Plaintiff also acted as the primary voice and face of station, at numerous events in central Florida.

20. In July of 2024, WMMO (the station Plaintiff worked for) was voted best music radio station by Orlando Magazine.

21. Plaintiff was congratulated by the program director and operations manager on this accomplishment and told that she was the reason the station was recognized.

22. In June of 2024, Plaintiff began undergoing treatment for in vitro fertilization (IVF).

23. Plaintiff's first procedure was on July 4, 2024, so she was able to avoid missing any work due to the holiday. She kept her procedure private.

24. Following her second procedure, Plaintiff used paid time off ("PTO") on August 13, 2024 and August 14, 2024, but worked from home.

25. Upon her return, her manager, Steve Stewart asked, "How was your vacation?" To which Plaintiff responded with a serious tone and explained her time off was not for vacation.

26. Before Plaintiff's next procedure, which was an embryo transfer, Plaintiff emailed Mr. Stewart stating she needed to work from home.

27. Plaintiff also assured Defendants that she would stay ahead of her duties and work from home, as she did in August.

28. Defendants did not respond to Plaintiff's request until September 18, 2024 which was the day of her procedure.

29. Defendants' response to Plaintiff came from Mr. Stewart, who stated, "if this was going to be an ongoing *thing*…she should apply for an accommodation."

30. On or about September 27, 2024, Plaintiff contacted human resources to follow up on a previous complaint regarding disparate treatment by Mr. Stewart concerning the assignment of endorsements. Plaintiff had complained and opposed the more favorable treatment of her male counterpart in being awarded a disproportionate amount of endorsements resulting in additional pay to him. Additionally, she sought clarification on why she was required to request an accommodation for her medical appointments, while other employees simply used their PTO for planned absences.

31. On October 15, 2024, Plaintiff met with her Human Resources representative to obtain information on how to apply for an

accommodation related to her IVF treatment. Human Resources provided an explanation of the application process.

32. On October 18, 2024, Plaintiff sent her accommodation documents to Defendants.

33. On October 21, 2024, the accommodation request was sent by Defendants' human resources department to Prudential, the third-party servicing party.

34. On November 6, 2024, Plaintiff was informed that People Solutions had received the recommendations from Prudential, which were then forwarded to the human resources representative and her manager. Plaintiff was advised to expect confirmation and follow-up on Friday, November 8, 2024.

35. On November 8, 2024, the date previously set to discuss her accommodation, Plaintiff was terminated.

36. Defendants advised Plaintiff that her termination was due to "ratings."

37. Defendants replaced Plaintiff's on-air duties with the person Mr. Stewart was assigning a disproportionate share of the endorsements.

38. During the time of her employment with Defendants, Plaintiff was the only female in her department.

39. After Plaintiff's termination, she was replaced by a male and there were no other females in the department.

40. Plaintiff asserts the reason provided for her termination is suspicious and serves as a pretext for Defendants' intention to eliminate Plaintiff's recent complaints of disparity and her need for medical leave.

41. After Plaintiff's termination, Defendants began hiring two additional employees for the WMMO station, positions which closely mirrored the duties Plaintiff had been performing before her termination. Despite Plaintiff having requested assistance and a backup for her role multiple times during her employment, Defendant only moved to fill these roles after Plaintiff's departure. The first new position is an additional on-air personality for the morning show, replacing Plaintiff's previous on-air duties. The second position is a full-time on-air personality who will also serve as assistant program director, a role Plaintiff had previously held.

42. Additionally, Plaintiff was informed by a former colleague that Defendants had shared job postings for these positions with the staff, and that Plaintiff had been specifically encouraged by management to reapply, despite being terminated under the pretext of poor "ratings." This caused Plaintiff significant distress, as it contradicted the reasons given for her

termination and highlighted the inequitable treatment she received. It felt like Defendants were back tracking their decision in response to her legal claims.

## FMLA REQUIREMENTS

43. Defendants are covered as an employer under the FMLA as defined by 29 U.S.C. §2611(4).

44. At all times relevant, Defendants were the employer of Plaintiff within the meaning of the FMLA.

45. Plaintiff worked for Defendants for at least twelve (12) months as a full-time employee.

46. Plaintiff worked at least 1,250 hours during the course of the last twelve (12) months of her employment for Defendants.

47. Plaintiff was entitled to family medical leave, not to exceed a total of twelve (12) work weeks in a twelve (12) month period of time.

48. Plaintiff is an eligible employee as defined in 29 U.S.C. §2611(2) and 29 C.F.R. §825.110(c) and was eligible for FMLA leave.

49. At all material times hereto, Plaintiff qualified for FMLA.

50. That all or some of Plaintiff's leave was FMLA qualifying leave, and Plaintiff was entitled to the protections of FMLA.

51. Plaintiff fulfilled all conditions precedent in bringing this action.

## COUNT I
## RETALIATION
## FAMILY MEDICAL LEAVE ACT

Plaintiff re-alleges and incorporate paragraphs 1 through 51 as if fully set forth herein.

52. Plaintiff is a covered employee under the FMLA.

53. Defendants are a covered employer under the FMLA.

54. Plaintiff engaged in statutorily protected activity when:

    a. She asserted her rights under FMLA leave.

    b. She took time off for medical care.

    c. She requested an accommodation for her medical issue.

55. Plaintiff was retaliated against for taking protected FMLA leave.

56. Defendants retaliated against Plaintiff's employment by doing the following:

    a. Requiring Plaintiff to request a medical accommodation rather than use her PTO as other employees do;

    b. failing to offer Plaintiff an accommodation for her medical issue; and

    c. terminating Plaintiff for requesting FMLA.

57. As a proximate result of Defendants' interference with the laws, rights under the FMLA, Plaintiff lost wages, lost other compensation, and lost benefits.

58. As a further direct and proximate result of the Defendants' violations as herein described, the Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff has incurred and will continue to incur reasonable attorney's fees and costs. Plaintiff requests that her attorney's fees and costs by awarded pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays that judgment be entered in her favor for wages, employment benefits, and other compensation lost and actual monetary losses sustained by her as a result of Defendants' retaliation against her for requesting medical leave, including back pay and front pay; prejudgment interest at the prevailing rate from the date he was terminated, to the Judgment on the award of wages, employment benefits and compensation and actual monetary losses sustained by her as a result of Defendants' violation of Family Medical Leave Act of 1993; liquidated damages doubling the award of interest, wages, employment benefits and other compensation lost to her as a result of Defendants' violation of the Family Medical Leave act of 1993; reasonable attorney's fees and costs and expenses of this action pursuant to 29 U.S.C. § 2617(a)(3); and, such other

relief as this Court deems just and appropriate under the circumstances including reinstatement to a substantially equivalent position with Defendants.

## COUNT II
## INTERFERENCE WITH RIGHTS
## IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. 2601, *et seq.*

Plaintiff re-alleges and incorporate paragraphs 1 through 51 as if fully set forth herein.

59. Plaintiff is an employee and a person subject to protection pursuant to the provisions of the FMLA, as that term is defined within the Act.

60. Defendants' aforementioned conduct violates the FMLA.

61. As a direct and proximate result of Defendants' actions, Plaintiff has suffered harm and damages.

62. Plaintiff has suffered damages as a result of Defendants' conduct, by and through its agents, employees, and/or representatives.

63. As a further and direct proximate result of Defendants' violation of the FMLA, as heretofore described, Plaintiff has been compelled to retain the services of the undersigned law firm.

64. As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff requests that her reasonable attorney's fees and costs be awarded pursuant to the Family Medical Leave Act, 29 U.S.C. § 2617.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendants as follows: that Plaintiff be awarded damages including wages, salary, employment benefits, other compensation denied or lost to the Plaintiff by reason of the violation of the Act, interest of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the Act, an additional amount as liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statute, such equitable relief as may be appropriate, including reemployment, reinstatement, and promotion, reasonable attorney's fees, reasonable expert fees and other such costs in this action and other such relief as this Court deems just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 7th day of March 2025.

        SCOTT LAW TEAM, LLC
        250 South Central Boulevard, Suite 205
        Jupiter, FL 33458
        Telephone: (561) 653-0008
        Facsimile: (561) 653-0020

        s/Cathleen Scott
        Cathleen Scott, Esq.

>Florida Bar Number 135331
>Primary e-mail: CScott@scottwagnerlaw.com
>Secondary e-mail:mail@scottlawteam.com
>www.ScottLawTeam.com